UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LELAND FOSTER, Individually, | : |
| | : |
| Plaintiff, | : Case No.: |
| v. | : |
| | : |
| Crystal Enterprises, Inc. DBA Crystal Mountain | : Judge: |
| | : |
| | : |
| Defendant. | : |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant, Crystal Enterprises, Inc., a Michigan Corporation for profit, *DBA* Crystal Mountain for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United

   States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property situs.  The Defendant's property and operations are located in, and does business within, this judicial district.

## PARTIES

4. Plaintiff, LELAND FOSTER ("Plaintiff" or "Leland Foster"), is an Ohio resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Leland Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands as a result of his disability. As such, he is substantially limited in performing one or more life activities, including but not limited to, standing and walking.  Plaintiff has visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.  Plaintiff has encountered the architectural barriers at the subject property.  The barriers to access the property have endangered his safety.

6. Mr. Foster is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including hand cycle events and adaptive skiing in Western Michigan. Leland Foster frequents many establishments in the Benzie County region, in particular those in close proximity to Defendant's place of business, and he has

visited and been a customer as an overnight guest at the property that forms the basis of this lawsuit.

7. Mr. Foster has been a customer and skier at Crystal Mountain Ski, Golf & Spa Resort at least once annually since 2012. And, prior to 2012 Mr. Foster had been an adaptive skier at Crystal Mountain on various occasions. Additionally, Mr. Foster has been an overnight resort guest at Crystal Mountain Resort, including most recently in May 2015.

8. Defendant Crystal Enterprises, Inc. *DBA* Crystal Mountain, a Michigan Corporation for profit (hereinafter "Defendant" or "the resort") operates and owns a place of public accommodation at issue. The resort operates at 12500 Crystal Mountain Dr., Thompsonville, Michigan 49683 in Benzie County. Upon information and belief, the resort owned by Defendant is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's resort, as a place of public accommodation, fails to comply with the ADA and its regulations.

9. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds

with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

10. Independent of other visits, Plaintiff intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a customer of the resort and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the resort again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.* The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in

     violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant have 10 or fewer employees and gross receipts of $500,000 or less).

13. A preliminary inspection of the resort owned by Defendant has shown that many violations of the ADA exist, but a further inspection is required to elucidate all of the violations on Defendant's property.  The violations discovered by Plaintiff to date include as follows:

Parking:

    A. The resort and its facilities throughout the entire property fail to provide a sufficient number of designated accessible parking spaces for access to its facilities and amenities by its disabled patrons and guests, including but not limited to: in front of its restaurant "The Thistle" and pro shop, the driving range, the tennis courts, Crystal Colony and Bungalows, at all "parking facilities," as defined by 208.2 of the 2010 Standards for Accessible Design, and elsewhere throughout the resort in which designated accessible parking is required, in violation of the ADA whose remedy is readily achievable;

    B. The resort's Registration Center fails to provide any designated accessible parking spaces, whereas other short term parking is provided, to the detriment of the hotel's disabled patrons and guests, in violation of the ADA whose remedy is readily achievable;

    C. The designated accessible parking spaces throughout the entire property fail to provide required access aisles and/or van accessible parking at its facilities for use by its disabled patrons, including but not limited to in front of the hotel's Conference Center and elsewhere throughout the resort, in violation of the ADA

whose remedy is readily achievable;

D. There are signs identifying designated accessible parking throughout the resort mounted at lower than 60 inches minimum above the ground surface measured to the bottom of the sign in violation of the ADA whose remedy is readily achievable;

Accessible Routes & Access to Goods and Services:

E. There is a failure to maintain accessible features, whereas the hotel's "mobility accessible" suites are located only on the second floor of the main lodge; said suites were only accessible to Plaintiff by elevator, which was out of order on a date of his visit, in violation of the ADA whose remedy is readily achievable;

F. The resort fails to provide an accessible route from the parking lot to the Cottages or Crystal Center due to steps on the route, in violation of the ADA whose remedy is readily achievable;

G. The resort fails to provide a firm, stable and slip resistant accessible route to numerous of its amenities, including but not limited to its driving range and tennis courts, in violation of the ADA whose remedy is readily achievable;

H. The hotel's transaction counter at the registration desk and the outdoor food service counter at "The Thistle," the hotel's pub and grill, exceed 36", in violation of the ADA whose remedy is readily achievable;

I. The hotel's picnic tables throughout its facilities fail to provide designated accessible seating or access, in violation of the ADA whose remedy is readily achievable;

J. The is no adaptive golf cart available for disabled golfers at any of the resort's two courses whereas, golf carts are offered to able bodied golfers, in violation of the

      ADA whose remedy is readily achievable;

K. The changing room in the ski retail shop does not have a fixed bench with the required width, depth and back support, in violation of the ADA whose remedy is readily achievable;

L. There are courtesy phones mounted throughout the resort at a height in excess of allowable range, in violation of the ADA whose remedy is readily achievable;

M. There are coat hooks and amenities at the resort's restaurants, including The Thistle, mounted in excess of allowable range, in violation of the ADA whose remedy is readily achievable;

Mobility Accessible Guestroom

N. The designated mobility accessible guestroom provides various amenities, including but not limited to its towel racks, closet railing, clothes iron, curtain rods, and a peep hole, which are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable;

O. Said guestroom provides hardware on the curtains, doors, and bathroom fixtures that require tight clasping and twisting, in violation of the ADA whose remedy is readily achievable;

P. The garden tub in said guestroom fails to provide access to its handicapped patrons due to a failure by Defendant to provide handrails or grab bars, in violation of the ADA whose remedy is readily achievable;

Q. Said guestroom fails to provide an accessible route to the patio or balcony, in violation of the ADA whose remedy is readily achievable;

R. Said guestroom fails to provide sufficient floor clearance on the patio for access by

a wheelchair, in violation of the ADA whose remedy is readily achievable;

S. The mobility accessible guestrooms are not dispersed throughout the various types and classes of guestrooms, and, most notably there are no accessible guestrooms located in the resort's most economical guestroom offerings, in violation of the ADA whose remedy is readily achievable;

Restrooms:

T. The signage for the designated accessible restroom near the resort's ski shop and Little Betsie restaurant fails to be properly mounted or displayed pursuant to the code, in violation of the ADA whose remedy is readily achievable;

U. The restrooms near the resort's ski shop and Little Betsie restaurant fail to properly insulate exposed drain and pipe fixtures to protect against scalding, in violation of the ADA whose remedy is readily achievable;

V. Said restroom fails to provide lavatory access with appropriate floor clearance for access by the hotel's handicapped patrons, in violation of the ADA whose remedy is readily achievable;

W. The coat hooks in said restrooms and throughout the hotel's amenities are mounted in excess of allowable reach range, in violation of ADA whose remedy is readily achievable;

X. There are no accessible restroom facilities located at various resort amenities where restrooms are otherwise provided, including at the golf courses and golf driving range, in violation of ADA whose remedy is readily achievable; and

Policies and Procedures

    Y.  The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including but not limited to, failure to have a policy to prevent impediments to the resort's limited accessible routes, and limiting patrons who require an accessible lodging to a single class of guestroom, at many instances to their economic detriment or outright exclusion.

13.  The discriminatory violations described in paragraph 12 are not an exclusive list of the violations committed by the Defendant under the ADA or its regulations. Plaintiff *requires* the inspection of the Defendant's hotel and place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access to the property at issue. Due to the foregoing, the Plaintiff has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

14.  Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15.  The hotel owned by the Defendant is a place of public accommodation and service establishment, and as such must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines

("ADAAG").

16. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. The Plaintiff, and others similarly-situated, is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he, and those similarly situated, will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

18. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 et seq.

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. The hotel, as owned by Defendant is a "place[s] of public accommodation" pursuant to

   M.C.L §37.1301(a).

21.  Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges, whereas Leland Foster's accessible guestroom lodging cost $277.66 nightly compared to his travel companion's guestroom which cost $81.90 per night. However, the resort does not make any accessible lodging available in its economy class of lodging. Thereby, discriminating against the Plaintiff, Leland Foster, and others similarly situated. Furthermore, Leland Foster personally experienced numerous physical barriers to handicap access throughout the resort, in particular with its parking facilities.

22.  Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

  For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

  For **COUNT II**, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

\s\ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.  P66315
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net


/s/ Matthew B. Bryant
Matthew B. Bryant, Esq.
BRYANT LEGAL, LLC
6600 W Sylvania Ave., Suite 260
Sylvania, OH 43560
(419) 824-4439 – Telephone
(419) 932-6719 – Facsimile
MBryant@BryantLegalLLC.com – email